# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **JAMES M. ALSUP,** | ) | |
| | ) | |
| **Movant,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Case No. 09-3266-CV-S-RED** |
| | ) | **Crim. Case No. 05-3079-01-CR-S-RED** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## ORDER

Before the Court are Petitioner James Alsup's Motion Under 28 U.S.C. § 2255 to Vacate, Set

Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1), and the Government's Motion

to Dismiss Movant's § 2255 Motion as Untimely (Doc. 8). After careful consideration, Petitioner's

motion is **DENIED** (Doc. 1), and the Government's motion is **GRANTED** (Doc. 8).

## BACKGROUND

On June 20, 2005, a federal grand jury returned a one-count indictment charging Petitioner

James Alsup (hereinafter "Petitioner") with being a felon in possession of firearms and ammunition

on or about April 24, 2004, in Howell County, Missouri, in violation of 18 U.S.C. §§ 922(g)(1) and

924(a)(2). After the Court denied his suppression motion, Petitioner pled guilty to the indictment

on May 11, 2006, pursuant to a plea agreement. On July 13, 2006, the Government filed a notice

that Petitioner was subject to a mandatory 15 year minimum sentence under 18 U.S.C. § 924(e) for

having at least three prior convictions that qualified as either a violent felony or serious drug

offense. Shortly thereafter, on July 28, 2006, Petitioner withdrew his guilty plea. On September

26, 2006, new counsel entered an appearance on Petitioner's behalf, and Petitioner was granted a

continuance of the trial setting. However, on January 29, 2007, Petitioner again pled guilty to the

indictment pursuant to a plea agreement. Petitioner waived his right to appeal or seek post-conviction relief as part of the plea agreement.

The presentence investigation report indicated that Petitioner's criminal history included the following felony convictions: (1) a 1975 Missouri conviction for burglary of a building, (2) a 1985 Arkansas conviction for theft of a pick-up truck, (3) a 1996 federal conviction for conspiracy to distribute methamphetamine, and (4) a 1999 Missouri conviction for second-degree assault for recklessly causing serious physical injury to an individual by repeatedly striking him. Based upon these four prior convictions, the presentence investigation report found Petitioner was subject to a mandatory minimum 15 year sentence, with an advisory guideline range of 180 to 210 months of imprisonment. At sentencing on May 31, 2007, Petitioner objected to the presentence investigation report's conclusion that his 1975 burglary conviction and 1985 conviction for theft of a pick-up truck were violent felonies within the meaning of 18 U.S.C. § 924(e). The Court ultimately adopted the presentence investigation report without change, and sentenced Petitioner to the mandatory minimum sentence of 15 years of imprisonment.

Though he agreed to waive his right to appeal in his plea agreement, Petitioner timely filed a notice of appeal on June 8, 2007. Petitioner argued on appeal that the court never received into evidence the government's exhibits concerning his prior felony convictions, and did not make the required findings for the statutory minimum sentence. On April 17, 2008, the Eighth Circuit Court of Appeals rejected Petitioner's arguments and affirmed the District Court's sentence. Petitioner did not file a petition for a writ of certiorari.

## ANALYSIS

### I.     Timeliness of Petitioner's Motion

The first issue which must be addressed is the timeliness of Petitioner's motion. The Government seeks to dismiss Petitioner's motion on the grounds that it was filed one day out of time. After review, the Court agrees that Petitioner's motion is untimely and due to be dismissed.

Motions brought under 28 U.S.C. § 2255 are subject to a one-year statute of limitations which runs from the latest of four possible dates. *See* 28 U.S.C. § 2255(f). In this case, the latest of the four possible dates is the date on which the judgment of conviction became final.[1] The Supreme Court has held that a conviction is final for purposes of starting the clock on § 2255's limitations period "when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 524-25 (2003). Under the Supreme Court Rules, the time to file a petition for writ of certiorari is within 90 days after the Court of Appeals enters judgment, not after it issues the mandate. *See* Sup. Ct. R. 13; *United States v. Soberanis-Sagrero*, Civ. No. 07-2060 (RHK), 2007 WL 2509724, at *2 n.1 (D. Minn. Aug. 30, 2007); *United States v. Montez*, No. Civ. 04-5160, 2006 WL 1455564, at *3 (W.D. Ark. May 24, 2006). In this case, the Eighth Circuit affirmed the sentence and conviction by written opinion issued on April 17, 2008. Petitioner's time to file a petition for writ of certiorari expired on July 16, 2008, ninety days after the Eighth Circuit issued its judgment on April 17, 2008. Since Petitioner did not petition for a writ of certiorari, his conviction became final on July 16, 2008. *See United States v. Martin*, 408 F.3d 1089, 1090 (8th Cir. 2005); *Soberanis-Sagrero*, 2007 WL 2509724, at

---

[1]

One of the other possible dates from which the one year period can run is "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Petitioner argues that as a result of *Begay v. United States*, 553 U.S. 137 (2008), his burglary and auto theft convictions are no longer "violent felonies." Even assuming *Begay* recognized a statutory "right" that was retroactively applicable to Petitioner's case, *Begay* was decided on April 16, 2008, meaning he would have had to file his § 2255 motion by April 16, 2009, if that were the date from which the limitations period began. As noted in this opinion, however, Petitioner's conviction became final at a later date, and § 2255 runs from the latest of the possible dates. *See* 28 U.S.C. § 2255(f).

*2; *Montez*, 2006 WL 1455564, at *3. Petitioner's time to file a motion under § 2255 therefore began running on July 16, 2008. *See Martin*, 408 F.3d at 1090 (finding "one-year period to file a § 2255 motion in district court began running on March 12, 2002," the 90th day after Eighth Circuit issued judgment on December 12, 2001, where petitioner did not petition Supreme Court for writ of certiorari); *see also* 28 U.S.C. § 2255(f)(1) ("The limitation period shall run from ... the date on which the judgment of conviction becomes final."). The limitations period expired one year later, on July 16, 2009. *See Martin*, 408 F.3d at 1090-91 (noting "Martin's filing deadline passed on March 12, 2003," where limitations period "began running on March 12, 2002."); *Montez*, 2006 WL 1455564, at *3 ("[T]he Eighth Circuit's opinion issued on March 5, 2003. Montez had until June 4, 2003, to file a certiorari petition which is the day the judgment of conviction became final. Montez therefore had until June 4, 2004, to file the instant [§ 2255] motion."). In this instance, the parties agree that Petitioner placed his motion in the Bureau of Prison's mail system on July 17, 2009,[2] one day out of time.

Petitioner argues he should not be held to such a strict standard. While the one year limitation period for filing a § 2255 motion is not jurisdictional and is subject to equitable tolling, equitable tolling is only appropriate when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *United States v. Bennett*, No. CR02-2008-LRR, C05-2008-LRR, 2005 WL 2898005, at *3 (N.D. Iowa Nov. 3, 2005). Petitioner failed to present any reasons for the tardiness of his motion, much less any extraordinary circumstances such that tolling

---

[2]

Petitioner's motion was postmarked July 17, 2009. While Petitioner claims in his motion that "[t]his petition will be post marked by the Bureau of Prisons inmate mailing system ... on or before July 17, 2009," there is no indication that it was placed in the internal mailing system before July 17, 2009. Petitioner himself references the "outside of [the] envelope containing [his motion's] stamped notice" as the date he placed his motion in the mailing system, and as noted above, the envelope was stamped July 17, 2009.

4

would be appropriate. *Id.* Accordingly, Petitioner's § 2255 motion is untimely and must be DISMISSED. *Soberanis-Sagrero*, 2007 WL 2509724, at *3; *see also United States v. Marcello*, 212 F.3d 1005, 1009 (7th Cir. 2000) (affirming district court's dismissal of § 2255 motion that was filed one day out of time). The Government's Motion to Dismiss Movant's § 2255 Motion as Untimely is **GRANTED** (Doc. 8).

## II.    Petitioner's Asserted Grounds for Relief

Even if the Court were to consider Petitioner's motion on the merits, the motion would still fail. Petitioner asserts ineffective assistance of counsel and prosecutorial misconduct as grounds for relief, but the bulk of his motion (including his allegations of ineffective assistance and prosecutorial misconduct) revolves around the Court's application of the Armed Career Criminal Act, 18 U.S.C. § 924(e), to his sentence.

### A.    Application of the Armed Career Criminal Act

The presentence investigation report indicated that Petitioner's criminal history included the following felony convictions: (1) a 1975 Missouri conviction for burglary of a building, (2) a 1985 Arkansas conviction for theft of a pick-up truck, (3) a 1996 federal conviction for conspiracy to distribute methamphetamine, and (4) a 1999 Missouri conviction for second-degree assault for recklessly causing serious physical injury to an individual by repeatedly striking him. The Court sentenced Petitioner to a fifteen year mandatory minimum sentence based upon these four prior convictions. Petitioner now challenges that the 1975 burglary conviction and the 1985 conviction for theft of a pick-up truck "do not qualify as predicate offenses" in light of *Begay v. United States*, 553 U.S. 137 (2008), and other subsequent Eighth Circuit holdings. While the Government concedes that the 1985 conviction for theft of a pick-up truck is no longer a "violent felony" under § 924(e) following *Begay*, *see United States v. Williams*, 537 F.3d 969 (8th Cir. 2008), Petitioner is incorrect that his 1975 conviction for burglary of a building if no longer a violent felony. *See*

*United States v. Shepard*, 340 F. App'x 349, 350 (8th Cir. 2009) (rejecting argument that Missouri conviction for second-degree burglary is not a violent felony after *Begay*).

While Petitioner did not challenge (at sentencing, on direct appeal or in his original § 2255 motion) that the convictions for conspiracy to distribute methamphetamine or second-degree assault no longer qualify as violent felonies, the Government notes in its response that it could be argued in light of *Begay* and *Chambers v. United States*, 129 S. Ct. 687 (2009), that an assault that is committed recklessly cannot be deemed a "violent felony" under the residual clause of § 924(e)(2)(B)(ii). However, when faced with this same issue post-*Begay*, the Eighth Circuit (without ruling on the issue) noted it "has not held that crimes with a *mens rea* of recklessness cannot constitute violent felonies." *United States v. Jones*, 574 F.3d 546, 551 (8th Cir. 2009); *see also Begay*, 128 S. Ct. 1581, 1590 (2008) (Scalia, J., concurring) (noting that "one of the enumerated crimes [in § 924(e)(2)(B)(ii)] -- the unlawful use of explosives -- may involve merely negligent or reckless conduct."); *United States v. Vincent*, 575 F.3d 820, 827 (8th Cir. 2009) (noting that "*Begay* instructs that violent felonies 'typically' involve purposeful, violent, and aggressive conduct," and citing with approval a Tenth Circuit case which "reasoned that a statute reaching ... reckless conduct could still fall within the 'otherwise' clause of § 924(e) because violations of such statutes 'typically' involve purposeful conduct."). This Court previously rejected the argument that a Missouri conviction for second-degree assault involving the reckless infliction of serious physical injury was not a violent felony under the Armed Career Criminal Act. *See United States v. Hamilton*, No. 05-03013-01-CR-S-RED (W.D. Mo. July 2, 2009) (Doc. 95). Petitioner has presented nothing about his situation that would alter the Court's previous finding on the matter.

Having found the methamphetamine, assault, and burglary convictions are all qualifying prior offenses, the Court finds no error with the application of § 924(e) to Petitioner's sentence.

**B.     Right to a Jury Trial**

Petitioner also argues the Court violated his constitutional right to a jury trial by finding his prior felony offenses were violent felonies and/or serious drug offenses within the meaning of 18 U.S.C. § 924(e), and by not submitting the issue to a jury. This argument is without merit. *See United States v. Jones*, 574 F.3d 546, 553-54 (8th Cir. 2009).

### C. Ineffective Assistance of Counsel

To establish an ineffective assistance claim, Petitioner must prove that (1) counsel's performance was deficient, falling below an objective standard of reasonableness, and (2) that the deficient performance prejudiced him so as to deprive him of fair proceedings. *Strickland v. Washington*, 446 U.S. 668, 687-88 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. To satisfy a showing of deficiency, a petitioner must show that counsel failed to exercise the skills and diligence a reasonably competent attorney would have exhibited given the circumstances. *See United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1994). To establish prejudiced performance, a petitioner must show that there is a reasonable probability that, but for counsel's unreasonable professional errors, the results of the proceeding would have been different. *See id.* Because Petitioner pled guilty, he must also prove "there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial." *Mathews v. United States*, 114 F.3d 112, 113-14 (8th Cir. 1997).

Many of Petitioner's arguments of ineffective assistance relate to his assertion that his prior convictions were not valid baseline offenses to trigger the Armed Career Criminal Act's provisions. The Court has already found no error with the application of § 924(e) in Petitioner's case, and therefore counsel was not ineffective for any alleged failure to sufficiently challenge the underlying convictions. Similarly, Petitioner's assertion that his trial counsel was ineffective for failing to investigate whether Petitioner's convictions were constitutionally obtained is also without merit, as

Petitioner was precluded from collaterally attacking the validity of prior convictions during his sentencing hearing. *See United States v. El-Alamin*, 574 F.3d 915, 928 (8th Cir. 2009) ("In general, one cannot collaterally attack a prior state conviction during a federal sentencing proceeding."); *see also Custis v. United States*, 511 U.S. 485 (1994) (prohibiting collateral attack of prior state convictions used to enhance a sentence under the armed career criminal provision of the Guidelines).

Petitioner also asserts that counsel did not explain the indictment, the elements of the crime, the Government's evidence, his sentencing range, or the plea agreement. However, Petitioner fails to explain how these alleged errors prejudiced him. Petitioner also does not claim he would have insisted on going to trial had counsel explained these aspects of the process to his satisfaction. In any case, Petitioner's arguments are belied by the record. Petitioner originally pled guilty to the indictment on May 11, 2006, pursuant to a plea agreement. On July 13, 2006, the Government filed a notice that Petitioner was subject to a mandatory 15 year minimum sentence under 18 U.S.C. § 924(e) for having three prior convictions that qualified as either a violent felony or serious drug offense. Shortly thereafter, on July 28, 2006, Petitioner withdrew his guilty plea. On September 26, 2006, new counsel entered an appearance on Petitioner's behalf, and Petitioner was granted a continuance. Despite having new counsel and extra time after withdrawing his guilty plea, on January 29, 2007, Petitioner again pled guilty to the indictment pursuant to a plea agreement. At both plea hearings Petitioner affirmed that he understood what he was pleading guilty to, and that he had read and understood the plea agreement. For these reasons, Petitioner failed to satisfy either element of the *Strickland* standard, and his ineffective assistance claims are therefore without merit.

### D. Prosecutorial Misconduct

Finally, Petitioner argues the Government committed misconduct by failing to immediately advise him that he was subject to an enhanced sentence prior to his initial guilty plea. When it became apparent after Petitioner's first guilty plea that he was subject to the provisions of 18 U.S.C.

§ 924(e), Petitioner was given the opportunity to withdraw his guilty plea. As already discussed herein, Petitioner chose to withdraw his guilty plea and was granted a continuance. New counsel entered an appearance on Petitioner's behalf during this time. Despite having new counsel and an opportunity to proceed to trial, Petitioner chose to plead guilty again. Petitioner's argument that the Government committed misconduct by failing to advise him of his sentencing exposure is without merit.

## <u>CONCLUSION</u>

For the reasons stated herein, Petitioner James Alsup's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is **DENIED** (Doc. 1), and the Government's Motion to Dismiss Movant's § 2255 Motion as Untimely is **GRANTED** (Doc. 8).

**IT IS SO ORDERED**.

DATED:        January 26, 2010                    _____*/s/ Richard E. Dorr*_____
                                                              RICHARD E. DORR, JUDGE
                                                              UNITED STATES DISTRICT COURT